UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOLD-MASTERS LIMITED, )
)
                Plaintiff, )
)
vs. )   04 C 3700
)
MELT DESIGN, INC., )
)
                Defendant. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiff Mold-Masters Ltd. to voluntarily dismiss its claims pursuant to Fed. R. Civ. Proc. 41(a)(2) and to dismiss the counterclaims of Defendant Melt Design, Inc. pursuant to Fed. R. Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, the motions are granted. Both the case and the counterclaims are dismissed with prejudice.

## **BACKGROUND**

Mold-Masters is the holder of U.S. Patent No. 5,299,928 ("the '928 patent"), which involves a two-piece injection molding nozzle seal. According to the complaint, filed in June 2004, Melt Design infringed the '928 patent with products referred to as hot runner nozzle components or systems. In responding to the complaint, Melt Design

asserted a counterclaim for a declaratory judgment that its products did not infringe the '928 patent; that the patent was invalid for failure to comply with 35 U.S.C. § 101, 102, 103, or 112, though the counterclaim gives absolutely no indication of the basis for the claimed invalidity beyond this kitchen-sink recitation of statutory authority; and that the patent was unenforceable by virtue of alleged inequitable conduct by Mold-Masters in connection with the filing and prosecution of the application that ultimately resulted in issuance of the '928 patent.

The parties began the discovery process, which involved several disputes that eventually led this court to refer the case to Magistrate Judge Brown for supervision. Despite the time and energy devoted to the case by both the litigants and two federal judges for nearly a year, Mold-Masters moved in August 2005 to voluntarily dismiss its complaint. In conjunction with this motion, Mold-Masters represented to the court that it was willing to unconditionally covenant not to sue Melt Design for any claim of infringement based upon a product that has been or will be manufactured, sold, or used by Melt Design. According to Mold-Masters, this representation removes any apprehension Melt Design could reasonably have of the prospect of suits arising from the '928 patent, thus nullifying any real controversy that could underpin the declaratory judgment counterclaim. Consequently, Mold-Masters avers that we no longer have subject matter jurisdiction over the counterclaim and moves for its dismissal as well.

**LEGAL STANDARD**

Rule 41(a)(2) provides that a plaintiff may voluntarily dismiss a suit by obtaining an order of the court. A plaintiff pursuing this route is subject to the terms and conditions the court deems proper as a quid pro quo for the desired dismissal. See McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). In considering whether to grant a motion under Rule 41(a)(2), a court must look to whether a defendant will suffer undue prejudice from the dismissal. Ratkovich v. SmithKline, 951 F.2d 155, 158 (7th Cir. 1991). The timing of and reasons for the motion are also factors to be taken into consideration. Id.

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). Plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its

allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, (1942). With these principles in mind, we turn to the motions before us.

## DISCUSSION

The first request Mold-Masters makes is easily dispensed with, as Melt Design does not oppose a prejudicial dismissal of the main case. In light of this agreement, the motion to voluntarily dismiss the main complaint pursuant to Rule 41(a)(2) is granted; the case embodied in the main complaint is dismissed with prejudice.

The second portion of the motion is somewhat more thorny. Melt Design does not oppose dismissal of its counterclaims, as long as the dismissal is without prejudice. It contends that Federal Circuit precedent requires that counterclaims for declaratory relief in patent cases must be without prejudice. In support of this proposition, Melt Design points to two cases: Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1340-42 (Fed. Cir. 2001) and Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855-56 (Fed. Cir. 1999). However, neither of these cases gives any indication that a dismissal without prejudice is unconditionally required in circumstances such as this one.

In Amana, the court's decision does not even reference whether the dismissal was with prejudice or without, let alone analyze which should apply or dictate a

particular outcome. Intellectual Property merely affirms the district court's decision to dismiss a declaratory judgment counterclaim without prejudice; it does not require that result in every case. Two of the district court cases Melt Design cites granted dismissals without prejudice without explaining why. The third reasoned that dismissals for lack of subject matter jurisdiction are ordinarily without prejudice, and dismissal in that case should not bar later consideration of the merits of the counterclaim in a future suit.[1]

It is certainly true that dismissals predicated on lack of subject matter jurisdiction are usually without prejudice. This is so because, in most instances, the fact that a federal court does not have jurisdiction over the subject matter of a dispute does not usually mean that no other court does, or that jurisdiction will not be available in the federal court at a later time. See, e.g., Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1298 (7th Cir. 1992); Int'l Harvester Co. v. Deere & Co., 623 F.2d 1207, 1217 (7th Cir. 1980). However, this case does not present a typical situation for two reasons. First, 28 U.S.C. § 1338 specifies that federal courts have exclusive jurisdiction over patent cases; if this court does not and cannot have subject matter

---

[1] Of course, even if these cases had specifically analyzed the problem and concluded that dismissals must be without prejudice, they would still not control the outcome here, as they are nonbinding (and in two instances, unpublished) district court decisions.

jurisdiction, no other forum is available to Melt Design to pursue the dismissed claims. Second, Mold-Masters has given up its right to assert infringement of the '928 patent against Melt Design for past or future products, eliminating any chance that jurisdiction would attach for this particular claim at a later time. In essence, the covenant not to sue has negated any case or controversy arising out of the assertion of the '928 patent against Melt Design. This outcome is indistinguishable from the effect of a decision on the merits of the claim, and any opinion rendered on this specific scenario could only be impermissibly advisory. As a result, there is no reason to keep the door ajar for Melt Design's challenges to the '928 patent, and the counterclaim is accordingly dismissed with prejudice.

## CONCLUSION

Based on the foregoing discussion, this case and the asserted counterclaim are dismissed with prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 5, 2005